IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

CHRISTOPHER A. CASE,                         :
                                             :      C.A. No: K13C-12-020 TBD
            Plaintiff,                       :
                                             :
    v.                                       :
                                             :
AARON R. TAYLOR,                             :
                                             :
            Defendant.                       :

ORDER

Defendant Taylor has Moved the Court to limit the testimony of Plaintiff's expert, Steven Schorr.

Mr. Schorr has, in his report (the extent of which, of course, cannot be expanded upon), made various mathematical calculations relative to the distance between Defendant's vehicle and the Willey vehicle ahead of Defendant based on testimonial estimates. Those calculations (one or two car lengths at 30 mph) together with the speed estimates regarding Plaintiff's vehicle, may be testified to and cross-examined as to precision. Based on those calculations, though, he drew six listed conclusions or opinions. Leading up to those six, his analysis was sprinkled with a variety of opinions.

It is the interstitial opining that has raised the issues here. For instance, on page 3, paragraph #4, beginning 6 lines from the end, Mr. Schorr says: "He [Officer Piazza] agrees that the 4-Second Rule as set forth in the Delaware Driver manual is what drivers should follow. During his investigation he did not see that

Taylor violated the statute...He believes the light was green." None of that is admissible through either Mr. Schorr or Officer Piazza.

The 8th bullet point under paragraph #4 on page 4 mentions Plaintiff's probable speed by way of Defendant and Mr. Willey. 15 miles per hour on a pedal cycle is a very unlikely rate. If all parties agree to that, then it will be utilizable as a stipulation. If not, expert testimony determining Plaintiff's speed will have to be scientifically established (a difficult obligation).

Paragraph 6 on page 5 beginning on line 8 discusses the "Delaware Drivers Manual: That manual is not law. It is evidently a guide book provided by the Division of Motor Vehicles to provide assistance to drivers, and is something with which Defendant purportedly had some familiarity. That familiarity may be pursued by Plaintiff in any examination of Defendant. It may not, however, be utilized or quoted by Plaintiff's expert to suggest a driving violation by any failure to follow given suggestions.

Accordingly, Plaintiff's expert is precluded from opining that Defendant's driving was improper or unsafe. That is for argument and jury determination based upon the facts testified to by observing witnesses, not an opinion based upon the Driver's Manual. Thus, statements by Mr. Schorr, or anyone else testifying, as to what are proper or improper, safe or unsafe, speeds or distances are inadmissible. Examples of those inadmissible phrases are found in paragraph 8 on page 5 and the entirely of paragraph 12 on page 6 (for the foregoing reasons and for reasons of absence of foundation and absence of relevancy). As to the final enumerated "opinions" (other than number 1, which is not a safety conclusion), Mr Schorr will

be precluded from testifying.

Therefore, consistent with the foregoing, Defendant's Motion is

**GRANTED**.

**SO ORDERED** this 6th day of January, 2015.


           /s/ Robert B. Young

                 J.


RBY/lmc

oc:     Prothonotary

cc:     Gary W. Aber, Esq.
         Mary E. Sherlock, Esq.
         Opinion Distribution
         File